LANDRIEU, Judge,
dissenting with reasons.
After a claim was filed with the Office of Worker’s Compensation by claimant, Lloyd F. Price, and subsequent to an answer filed by Rosenbush Claims Service on behalf of the City of New Orleans denying claimant’s allegations, the following letter, on stationary of the City of New Orleans Law Department, was sent to Claimant’s counsel by Richard C. Bates, an Assistant City Attorney:
“Dear Ms. Blessy:
As per our conversation of October 19, 1992, this letter is to confirm that the City of New Orleans accepts Mr. Price’s diagnosed condition of Hepatitis “C” as a com-pensable work related injury under 23:1031.1.
It is my understanding that Mr. Price missed no time from work and is making this claim for medical benefits only. As such, please provide copies of all related medical and bills in order that we may process this matter as expeditiously as possible.
Should you have any questions regarding this matter please do not hesitate to contact me.
Sincerely,
Richard C. Bates
cc: Judge Edgar Corey”
The letter indicates that a copy was intended for the Administrative Hearing Officer, but that copy does not appear in the record nor is it noted in the Minutes of the Court.
On the next day, October 20, 1992, probably at the request of claimant’s counsel, the Administrative Hearing Officer issued an order to claimant’s counsel and Milton Osborne, City Attorney, continuing the case until November 2, 1992 “for the submission of a joint petition for settlement”. Claimant’s counsel, after not receiving the proposed compromise documents, prepared them herself and sent them to Richard C. Bates for execution by the City.
After being told on November 13, 1992 that the city would not execute the compromise documents, claimant’s counsel on November 16, 1992 filed a Rule to Show Cause Why City Attorney Should Not Be Compelled To Execute Compromise Documents. The rule was fixed by order of the Administrative Hearing Officer to be heard on December 4, 1992. (emphasis added)
There is no indication in the record that any representative of the City was served with a copy of this order. However, claimant’s counsel attaches to her brief a copy of a letter, dated November 23, 1992, addressed to Richard C. Bates, advising that the Rule to Show Cause was set to be heard on December 4, 1992 at 8:45 a.m. That letter is not in the record.
On December 4, 1992, the Rule was heard by the Administrative Hearing Officer. The City of New Orleans was not represented. No evidence was introduced and no witnesses testified. On December 7, 1992, the following judgment was signed:

“JUDGMENT

This cause came for hearing on December 4, 1992, on Rule to Show Cause Why City Attorney Should Not Be Compelled To Execute Compromise Documents filed by plaintiff, Lloyd F. Price, Jr.
PRESENT: Magdalen C. Blessey, counsel for plaintiff, Lloyd C. (sic) Price
*840 The Court, having considered the pleadings, the memoranda and the argument of counsel, does hereby:
IT IS ORDERED, ADJUDGED AND DECREED that the City of New Orleans be compelled to execute the Compromise as defined in the City Attorney’s letter of October 19, 1992, specifically to pay all medical expenses and bills arising from plaintiffs occupational disease, Hepatitis “C”, incurred in the course and scope of his employment.
New Orleans, Louisiana, this 7th day of December, 1992.
EDGAR K. COREY JUDGE”
While Ms. Blessey, throughout these proceedings, has conducted herself with exceptional professionalism, the procedure recommended by the Administrative Hearing Officer was ill advised and his judgment clearly wrong.
Pretermitting the strict requirements of La.Rev.Stat.Ann. § 23:1272 (West 1992) which controls the compromise of Worker’s Compensation claims, there was no binding agreement between the parties. La.Civ. Code Ann. art. 3071 (West Supp.1993) defines a compromise and it is clear none existed here. Claimant’s counsel, on advice of the Administrative Hearing Officer, filed a Rule To Show Cause Why City Attorney Should Not Be Compelled To Execute Compromise Documents. The Administrative Hearing Officer rendered judgment compelling the City of New Orleans ... “to execute the compromise as defined in the City Attorney’s letter of October 19, 1992, ... ”.
In order to avoid the problem that a “compromise” presents, the majority has grounded its position on the principle of confession of judgment. In so doing, it faces even greater problems. An answer was filed by the City denying claimant’s allegations. Bates’ letter was addressed to plaintiffs counsel and not the Court. It was neither authenticated nor introduced as evidence at the hearing. The letter itself references a conversation with claimant’s counsel which is not of record. The acknowledgment that claimant’s hepatitis is work related is clearly predicated on that conversation and the assurance that the claim is for medical expenses only. Furthermore, the letter was not treated by the Administrative Hearing Officer as a confession of judgment, but as a compromise.
If the judgment with all of its infirmities is left to stand and claimant later contends that he is totally and permanently disabled, is the City not foreclosed from contesting that the claimant’s hepatitis was work related?
If there was a compromise or a confession of judgment, the facts supporting the claim are irrelevant, however, it is worth noting that claimant’s allegation of work related hepatitis is based solely on a letter in the record but not introduced into evidence from Dr. Catherine J. Murray, dated March 23, 1992 and addressed “To Whom It May Concern”, which reads as follows:
“I have been seeing Lloyd Price since October of 1991. He has chronic hepatitis “C” with chronic active hepatitis.”
“His only risk factor for this was contact with blood products experienced as a fireman. This makes it highly likely that this was contracted at work.”
Claimant was never examined by the City and never deposed. Why then would the City place itself at risk for future disability claims by a confession of judgment that claimant’s condition was work related?
What is clear is that an oral agreement was entered into by Bates to pay claimant’s related medical bills. There was no confession of judgment by the City in the proceedings that plaintiff has hepatitis or that it was work related.
Had the Court set this matter for a hearing on the merits and properly notified the City, and had the claimant introduced the doctor’s report and the Bates’ letter into evidence, it would have been appropriate for the Administrative Hearing Officer to have rendered a judgment on the merits in favor of claimant and against the City. This was not done. It came before the court on a rule to force the city attorney to sign the compromise documents.
The majority also dismisses the City’s claim that it was not served with the order of *841 the Administrative Hearing Officer setting the Rule to Show Cause.
Citing La.Code Civ.Proe.Ann. art. 2004 (West 1990) they find that the City must bring a separate action of nullity. This matter is on appeal and any error of record, not requiring further evidence, called. to this court’s attention is properly before the court and must be considered. See La.Code Civ. Proc.Ann. arts. 2005 (West 1990) and 2164 (West 1961).
The claimant’s petition was served through William Aaron, City Attorney. It was answered by Rosenbush Claims Service. On October 20,1992, the Administrative Hearing Officer sent notice to Milton Osborne, City Attorney, that the matter was continued until November 2, 1992 for submission of a joint petition for settlement.
Not until claimant’s counsel filed on November 10, 1992, the Rule to Show Cause and filed there with Bates’ October 19, 1992 letter to her, does Bates name appear anywhere in these proceedings. Irrespective of the City’s later motion to substitute counsel of record, Bates was never counsel of record in this matter. He made no appearance and no pleading bears his name. He was an attorney in the City Attorney’s Office with whom counsel for claimant conferred. After sending the letter of October 19th, he advised claimant’s counsel on November 13, 1992, that he had been instructed not to proceed with the “compromise”. Claimant’s counsel’s letter of November 23, 1992 to Bates advising him that the Rule to Show Cause was set for December 4th, does not satisfy the requirement of notice to the City under La.Code Civ.Proc.Ann. arts. 1313,1314 (West 1984) and 1571 (West 1990) or the Administrative Procedure Act, La.Rev.Stat. Ann. § 49:950 (West 1987).
I would vacate the judgment of the Administrative Hearing Officer and remand the case for a trial on the merits.